UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
ABLE BODY TEMPORARY SERVICES,
INC.,

    Debtor,
_____

CHRISTINE HERENDEEN,

    Plaintiff,
v.                                    Case No. 8:15-cv-659-T-33

REGIONS BANK,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Christine Herendeen's Motion to Withdraw the Reference (Doc. # 1) and Defendant Regions Bank's response in opposition thereto (Doc. # 2-1). For the reasons that follow, the Court denies Plaintiff's Motion.

**I.   Background**

On January 30, 2015, Plaintiff, as a Chapter 7 trustee for several bankrupt entities, initiated sixteen adversary proceedings against Regions Bank.[1]  These adversary

---

[1] See In re Westward Ho II, LLC, Case No. 8:15-cv-653-T-33; In re Preferable HQ, LLC, Case No. 8:15-cv-654-T-33; In re Cecil B. DeBoone, LLC, Case No. 8:15-cv-655-T-33; In re ABTS

proceedings, which allege similar claims against Regions Bank, are currently pending before Judge Caryl E. Delano in the United States Bankruptcy Court for the Middle District of Florida.[2] At this time, Plaintiff moves to withdraw the reference in the present adversary proceeding.

## II. **Jurisdiction**

"The United States Code grants bankruptcy jurisdiction to Article III district courts." In re Organized Confusion, LLP, No. 8:14-cv-3226-T-24, 2015 WL 728223, at *3 (M.D. Fla. Feb. 19, 2015). Specifically, 28 U.S.C. § 1334(b) states that "the district courts shall have original but not exclusive

---

Holdings, LLC, Case No. 8:15-cv-656-T-33; In re Professional Staffing-ABTS, Inc., Case No. 8:15-cv-657-T-33; In re Rotrpick, LLC, Case No. 8:15-cv-658-T-33; In re Able Body Temporary Services, Inc., Case No. 8:15-cv-659-T-33; In re YJNK II, Inc., Case No. 8:15-cv-660-T-33; In re Organized Confusion, LLP, Case No. 8:15-cv-661-T-33; In re USL&H Staffing, LLP, Case No. 8:15-cv-662-T-33; In re YJNK VIII, Inc., Case No, 8:15-cv-663-T-33; In re Training U, LLC, Case No. 8:15-cv-664-T-33; In re YJNK XI CA, LLC, Case No. 8:15-cv-665-T-33; In re YJNK III, Inc., Case No: 8:15-cv-666-T-33; In re: Able Body Gulf Coast, Inc., Case No. 8:15-cv-667-T-33; In re Westward Ho, LLC, Case No. 8:15-cv-698-T-23.

[2] The related adversary proceedings are extensions of initial adversary proceedings filed by Angela Welch, as Chapter 7 Trustee for the Estate of Frank Michael Mongelluzi in the United States District Court for the Middle District of Florida; specifically, Case No. 8:14-cv-187-T-33AEP and Case No. 8:14-cv-188-T-17TGW. The initial adversary proceedings were referred to the Bankruptcy Court by way of separate Orders.

jurisdiction of all civil proceedings arising under [T]itle 11, or arising in or related to cases under [T]itle 11." Congress provided in 28 U.S.C. § 157(a) that each district court may refer all cases "arising under," "arising in," or "related to" Title 11 proceedings to the bankruptcy judges for the district. "This Court has a standing order referring all bankruptcy matters to the Bankruptcy Courts." <u>In re Organized Confusion, LLP</u>, 2015 WL 728223, at *3.

A finding that a matter is "related to" a bankruptcy case confers subject matter jurisdiction to the Bankruptcy Court and empowers it to hear the non-core matter. <u>In re Happy Hocker Pawn Shop, Inc.</u>, 212 F. App'x 811, 817 (11th Cir. 2006). "However, under § 157(c), the Bankruptcy Court's power to determine a non-core matter is limited, as compared to its power to hear and determine core matters under § 157(b)(1)." <u>In re Organized Confusion, LLP</u>, 2015 WL 728223, at *3. Specifically, the Bankruptcy Court has the power to determine matters properly before it under Title 11, but with respect to "related to" or non-core matters, an Article III court must render final judgment unless the parties consent to allow the Bankruptcy Court to handle the matter. <u>See</u> 28 U.S.C. § 157(b) and (c).

**III. <u>Legal Standard - Permissive Withdrawal of Reference</u>**

The standard for permissive withdrawal is stated in 28 U.S.C. § 157(d): "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown." Congress has not given a definition or explanation of the "cause" required for permissive withdrawal, but the Eleventh Circuit has stated that cause "is not an empty requirement." In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991). In determining whether the movant has established sufficient cause to withdraw the reference, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." In re Advanced Telecomm. Network, Inc., No. 8:6-13-cv-700-ORL-28, 2014 WL 2528844, at *1 (M.D. Fla. June 4, 2014) (citing In re Simmons, 200 F.3d 738, 742 (11th Cir. 2000) (citations omitted)).

Additional factors to consider include: (1) whether the claim is core or non-core, (2) efficient use of judicial resources, (3) a jury demand, and (4) prevention of delay. Control Ctr., L.L.C. v. Lauer, 288 B.R. 269, 274 (M.D. Fla. 2002) (citations omitted). The Eleventh Circuit has noted

4

that "the cause prerequisite should not be used to prevent the district court from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisory function over the bankruptcy courts." Parklane, 927 F.2d at 538. The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. See In re Fundamental Long Term Care, Inc., No. 8:14-cv-1800-EAK, 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citing In re TPI Int'l Airways, 222 B.R. 663, 668 (S.D. Ga. 1998) (citations omitted)).

**IV. Discussion**

Plaintiff argues that the reference should be withdrawn as the complaint's claims are non-core because the claim advanced in the adversary proceeding is independent of, and precedes the bankruptcy. (Doc. # 1 at 3). Plaintiff further argues that withdrawing the reference would promote uniformity and the efficient use of economic and judicial resources. (Id. at 4-5). Additionally, Plaintiff has demanded a jury trial, and as such, Plaintiff contends that this is another factor in support of withdrawal. (Id. at 5-6). As discussed below, the Court determines that it is appropriate

for the reference to remain with the Bankruptcy Court and for the Bankruptcy Court to address all matters at this time.

### A. Core or Non-Core Status

The Court has stated that the determination of whether a matter is core or non-core "should first be made by the Bankruptcy Court." In re Fundamental Long Term Care, Inc., 2014 WL 2882522, at *2 (citing In re Stone, No. 8:10-cv-2517-JDW, 2010 WL 5069698, at *1 (M.D. Fla. Dec. 7, 2010) (citations omitted)); see also 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under [T]itle 11.").

Neither party has argued that the Bankruptcy Court has made a determination regarding whether the adversary proceeding at issue is a core or non-core proceeding, and this Court is not inclined to make that determination. As such, the Court will not consider this factor in its analysis of the appropriateness of withdrawal. See In re TPI Int'l Airways, 222 B.R. at 668 (determining that the Court would refrain from considering this factor as the parties failed to move for the Bankruptcy Court to determine whether the proceedings were core or non-core).

### B.    Economic & Judicial Resources

Next, Plaintiff asserts that judicial economy, full and complete resolution of claims, and the importance of consistent rulings weigh in favor of adjudication of this matter by the district court. (Doc. # 1 at 4-5). Furthermore, Plaintiff posits that withdrawal of the reference would be more efficient, because the Bankruptcy Court would have to make proposed findings of fact and conclusions of law on non-core claims, which would then be submitted to the district court for *de novo* review, and as a result, will delay the conclusion of these adversary proceedings. (Id.).

However, "[a] district court can allow the Bankruptcy Court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions on non-core claims." In re Organized Confusion, LLP, 2015 WL 728223, at *4. Here, the Bankruptcy Court is already familiar with this adversary proceeding and the bankruptcy case to which it relates, and is suited to oversee discovery and other pretrial matters. Accordingly, "[w]ithdrawal of the reference at this stage would result in this Court losing the benefit of the bankruptcy court's experience in both the law and facts, and leading to an inefficient allocation of judicial resources."

In re Rothstein, Rosenfeldt, Adler, P.A., No. 11-62612-CIV, 2012 WL 882497, at *4 (S.D. Fla. Mar. 14, 2012).

Therefore, in its discretion, the Court concludes that allowing this adversary proceeding to continue in the Bankruptcy Court for all pretrial matters promotes the efficient use of judicial resources and will not result in delay. See In re Gunnallen Fin., Inc., No. 8:10-cv-2855-T-24, 2011 WL 398054, at *4 (M.D. Fla. Feb. 3, 2011)(citing In re Stone, 2010 WL 5069698, at *1 (finding that the case did not need to be immediately withdrawn from the bankruptcy court and that the bankruptcy court could handle all pretrial matters)). Withdrawal of the reference will be appropriate only if and when this adversary proceeding becomes ready for trial. See also In re Armenta, No. 13-15047-BKC-RBR, 2013 WL 4786584, at *2 (S.D. Fla. Sept. 6, 2013); Official Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.), 13 F.3d 122, 128 (4th Cir. 1993) (holding that whether to refer proceeding for pretrial purposes is pragmatic decision left to district court); Boyd v. King Par, LLC, No. 11-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[E]ven if there is uncertainty regarding the bankruptcy court's ability to enter a final judgment . . . that does not deprive the bankruptcy court of the power to

entertain all pre-trial proceedings, including summary judgment motions"); Apponline.Com., Inc., 303 B.R. 723, 728 (E.D.N.Y. 2004) (declining to withdraw reference where adversary proceeding was in preliminary stage, matter could be resolved by dispositive motions, bankruptcy court had presided over similar adversary proceedings, and bankruptcy court had complete understanding of background of underlying bankruptcy).

### C. Jury Demand

Plaintiff submits that withdrawal is proper as Plaintiff has demanded a jury trial on all claims asserted in the adversary proceeding. (Doc. # 1 at 5-6). In response, however, Defendant provides that it "does not concede that Trustee Herendeen is even entitled to a jury trial in this case." (Doc. # 2-1 at 5-6). Rather, Defendant cites to a recent opinion for the proposition that a "trustee is never entitled to jury trial in avoidance actions and waives any other right to jury trial where creditor files proof of claim." (Id.)(citing Kapila v. Bank of Am., N.A. (In re Pearlman), 493 B.R. 878, 888 (Bankr. M.D. Fla. 2013)).

It is the initial prerogative of the Bankruptcy Court to determine whether a party has a right to a jury trial. See In re Rodgers & Sons, Inc., 48 B.R. 683 (Bankr. Okla. 1985).

9

Even where there is a right to a jury trial, such right does not preclude the Bankruptcy Court from hearing a proceeding up to and including the point of ruling on summary judgment. City Fire Equip. Co. v. Ansul Fire Prot. Wormald U.S., Inc., 125 B.R. 645, 650 (N.D. Ala. 1989)(concluding that "the references should not be generally withdrawn until the cases are ready for jury trial"). "[T]he bankruptcy judge is 'fully equipped' with the necessary judicial skills to determine and resolve all legal issues arising in this case prior to trial." Hvide Marine Towing, Inc. v. Kimbrell, 248 B.R. 841, 845 (M.D. Fla. 2000). Thus, the mere assertion of a request for jury trial has no bearing on this Court's enforcement of the Reference Orders. (See Doc. # 2-1 at 6). Should it become necessary, the Court will revisit Plaintiff's entitlement to a jury trial at the appropriate time.

**V.    Conclusion**

Upon consideration, the Court declines to withdraw the reference. The Court concludes that permitting this adversary proceeding to remain in Bankruptcy Court for the disposition of all pretrial matters, including any dispositive motions, "(1) advances uniformity of bankruptcy administration, (2) decreases both the likelihood of confusion and the opportunity to gain an advantage by forum shopping, (3)

10

promotes the economical use of the parties' resources by limiting the bulk of the action to a single forum, and (4) facilitates the efficient administration of the debtor's estate." In re Ernie Haire Ford, Inc., No. 8:12-MC-105-T-23, 2012 WL 4356161, at *2 (M.D. Fla. Sept. 24, 2012). Therefore, Plaintiff's Motion to Withdraw the Reference is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Withdraw the Reference (Doc. # 1) is **DENIED**.

(2) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of April, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

11